UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| CHRISTOPHER K. TUCK, *pro se*, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 3:15-CV-226-PLR-CCS |
| ) | |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM OPINION**

This Social Security appeal is before the court for consideration of the plaintiff's objections [R. 28, 29] to the Report and Recommendation filed by United States Magistrate Judge C. Clifford Shirley [R. 27]. Magistrate Judge Shirley found that the Administrative Law Judge (ALJ) properly reviewed and weighed the evidence to determine that plaintiff is capable of performing a full range of medium-exertion work. Thus, Magistrate Judge Shirley recommended that plaintiff's motion for summary judgment be denied and the Commissioner's motion for summary judgment be granted.

Plaintiff made his application for disability insurance benefits and/or supplemental security income alleging disability beginning December 31, 2008. The claim was denied by the ALJ on October 24, 2013. The Appeals Council denied the plaintiff's request for review, and plaintiff sought judicial review of the Commissioner's decision. As required by 28 U.S.C. § 36(b)(1) and Rule 72(b), Fed.R.Civ.P., the Court has now undertaken a *de*

1

*novo* review of those portions of the Report and Recommendation to which plaintiff objects. For the reasons that follow, the plaintiff's objections will be overruled.

The ALJ found that although plaintiff suffered from Multiple Sclerosis, the medical record did not support any work related limitations or restrictions. The Magistrate Judge found that plaintiff failed to point to any specific evidence that the ALJ failed to obtain or review in evaluating the impact of Multiple Sclerosis on plaintiff's ability to work. The record shows plaintiff experienced flare-up three times over the past five years, which were sufficiently treated with a five-day course of steroids. Moreover, none of the treating physicians have documented any work related limitations or restrictions.

Plaintiff states the ALJ failed to credit his testimony regarding the effects of Multiple Sclerosis on his ability to work. The ALJ found plaintiff's testimony not entirely credible because the evidence of record demonstrated that plaintiff had only experienced three flare-ups over the past five years. The court will defer to the credibility finding by the ALJ, who had an opportunity to evaluate the demeanor and consistency of the plaintiff's testimony. *Jones v. Comm'r of Soc. Sec.,* 336 F.3d 469, 476 (6th Cir. 2003).

Plaintiff argues the Vocational Expert testified that there were no jobs he could perform if his testimony regarding his impairments was fully credible. However, restrictions beyond those included by the ALJ in the hypothetical question are not supported by record evidence. Although a Vocational Expert may respond to several hypothetical questions presuming different physical restrictions, the ALJ need not rely on

the Vocational Expert's response to a hypothetical question assuming restrictions which the ALJ has rejected as not supported by substantial evidence. *Casey v. Secr. of Health & Human Servs.,* 987 F.2d 1230, 1235 (6th Cir. 1993).

Plaintiff states in his objections that he has used a wheelchair and walker throughout this case, but his medical records do not support a need for ambulatory/assistive aids on a routine basis. Plaintiff also states that his Multiple Sclerosis has resulted in mental/cognitive impairments; however, there is no record substantiating any limiting cognitive impairment in the medical record considered by the ALJ. To the extent that plaintiff's condition has deteriorated or worsened since his initial application for benefits, the proper remedy would be for him to file a new claim for benefits. Evidence of a subsequent deterioration or change in condition after the administrative hearing is irrelevant to the court's review of the ALJ's opinion. *See Wyatt v. Secr. of Health & Human Servs.,* 974 F.2d 680, 685 (6th Cir. 1992).

After a careful review of the record and the parties' pleadings, the court is in complete agreement with the Magistrate Judge's recommendation that plaintiff's motion for summary judgment be denied and the Commissioner's motion for summary judgment be granted. Accordingly, the court **ACCEPTS IN WHOLE** the Report and Recommendation under 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b). It is **ORDERED**, for the reasons stated in the Report and Recommendation, which the court adopts and incorporates into its ruling, that the plaintiff's motion for summary judgment [R. 19] is **DENIED**; the Commissioner's motion for summary judgment [R. 20] is **GRANTED**; the

Commissioner's decision in this case denying plaintiff's application for benefits under the Social Security Act is **AFFIRMED**; and this case is **DISMISSED.**

Enter:

*/s/ Pamela L. Reeves*
**UNITED STATES DISTRICT JUDGE**